UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENISE PRECHEL,

               Plaintiff,

                                      Case No. 21-CV-12388

vs.

                                        HON. GEORGE CARAM STEEH

WALMART, INC. d/b/a SAM'S CLUB,
WALMART STORES, INC., and
SAM'S CLUB,

               Defendants.

_____/

OPINION AND ORDER DENYING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF No. 90)

      Plaintiff Denise Prechel filed this action alleging premises liability

against Walmart, Inc., Walmart Stores, Inc. and Sam's Club (referred to

collectively as "defendants") in Macomb County Circuit Court. The case

was removed to this Court based on diversity jurisdiction. The matter is

now before the Court on defendants' motion for summary judgment (ECF

No. 90). For the reasons stated in this opinion and order, defendants'

motion for summary judgment is DENIED.

- 1 -

## FACTUAL BACKGROUND

On September 14, 2018, plaintiff and her husband entered defendants' Sam's Club store located in Utica, Michigan. While they were shopping, plaintiff asked manager Stacie Saunders to help her locate a Lazy-Boy desk chair advertised in the sales flyer. Plaintiff stated she was looking to purchase a new chair because she had back problems. Saunders walked plaintiff to the proper aisle and called sales associate Christopher DeJean to assist plaintiff. Mr. DeJean met plaintiff and Ms. Saunders in the chair aisle and asked if plaintiff wanted to try out the chair. He retrieved the floor model from under a shelf and placed it in the aisleway for plaintiff to sit on. The chair was attached to a post that had five prongs, with a wheel at the bottom of each prong. Plaintiff and the witnesses describe that when plaintiff sat down, the chair tipped or tilted forward. Only after plaintiff sat in the chair did she, Saunders and DeJean notice that the chair was missing one of its five wheels. Plaintiff alleges that the incident caused her to injure her back.

Plaintiff completed a Customer Incident Report prior to leaving the store, stating "I sat down to try a Lazy-Boy office chair . . . and the chair was missing wheel. I injured my back." ECF No. 17-5, PageID.122.

- 2 -

Plaintiff's husband took photographs of the chair just after the incident. ECF No. 17-6, PageID.124-25. Mr. DeJean's written witness statement recounted that "[w]hen [plaintiff] sat down she sunk slightly more than expected into a squatting position. It was at this time we noticed one of the wheels was missing from the display." ECF No. 17-3, PageID.118. Ms. Saunders' witness statement reported that "[m]ember sat in office chair. It tilted forward. . . . We then seen the wheel was missing. ECF No. 17-4, PageID.120. Saunders also completed a Video Request Form, indicating "Chris [DeJean] moved office chair from under steel and placed it by the member to test it out. Member sat down and the office chair tipped forward. Member stood up and started to hold her back with her left hand." ECF No. 18-1, PageID.205.

Plaintiff and Ms. Saunders were deposed for this lawsuit. Plaintiff testified that the missing wheel was in the back of the chair when Mr. DeJean pulled it out and that nobody saw that the chair was missing a wheel before she sat on it.

Q:    Prior to sitting down in the chair, did you notice that it was missing a wheel?

A:    No, nobody did.

Q:    So when you say nobody, do you mean anybody –

A:    The employees. Myself or the two employees didn't notice

it because I think the wheel, when I sat down, was in the

back of it. That picture's showing it in the front, but it was

in the back.

. . . .

Q:    So after the chair tips over when you – or tips down when

you sit in it, that's when it was noticed that a wheel was

missing?

A:    Yes. . . . [DeJean] said oh, my god, there's a wheel

missing, and that's when we realized there was a wheel

missing when I was near the ground and tipped.

ECF No. 17-7, PageID.133.

At her deposition, Ms. Saunders testified that she did not know who

assembled the chair but believed it may have been an employee. She

explained that each store decided whether to use an employee or an

outside company, but she thought that outside people were only used to

build bigger items. ECF No. 17-8, PageID.145-46. Ms. Saunders also

testified that she did not receive a call for an incident involving the chair

prior to the incident involving plaintiff. ECF No. 17-8, PageID.151.

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) empowers the court to render

summary judgment "forthwith if the pleadings, depositions, answers to

interrogatories and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law." *See Redding v. St.*

*Eward*, 241 F.3d 530, 532 (6th Cir. 2001).  The Supreme Court has

affirmed the court's use of summary judgment as an integral part of the fair

and efficient administration of justice.  The procedure is not a disfavored

procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986);

*see also Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir.

1995).

The standard for determining whether summary judgment is

appropriate is "'whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v.*

*Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Tolan v.* Cotton, 572 U.S. 650, 660 (2014); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party.  *Anderson*, 477 U.S. at 248, 252.  Rather, there must be evidence on which a jury

could reasonably find for the non-movant.  *McLean*, 224 F.3d at 800 (*citing*

*Anderson*, 477 U.S. at 252).

ANALYSIS

Where federal court jurisdiction is based on diversity, the Court

applies Michigan law "as decided by the Michigan Supreme Court." *Kessler*

*v. Visteon*, 448 F.3d 326, 329-30 (6th Cir. 2006). Michigan law provides

that a premises owner has a duty to inspect for hazardous conditions on its

property. See, e.g., *Price v. Kroger Co. of Mich.*, 284 Mich.App. 496, 500,

773 N.W.2d 739 (2009). To prevail on a premises liability claim, "an invitee

must show that the premises owner breached its duty to the invitee and

that the breach constituted the proximate cause of damages suffered by

the invitee." *Lowrey v LMPS & LMPJ Inc.*, 500 Mich. 1, 8, 890 N.W.2d 344

(2016). A breach of duty occurs if the premises owner knows or should

have known of a dangerous condition and fails to protect invitees such as

by repair, warning, or other appropriate mitigation of the danger under the

given circumstances. *Id*. Thus, actual or constructive notice of the relevant

dangerous condition is an essential element in establishing a premises

liability claim. *Id*. at 8-9. The burden of proof on each element of the claim,

including notice of the alleged defect, is borne by the plaintiff. *Id*.

The record evidence shows that defendants did not have actual notice of the missing wheel prior to plaintiff sitting in the chair. This is supported by plaintiff's testimony as well as the witness statements made on the day of the incident. Constructive notice is present when the hazard "is of such a character or has existed a sufficient length of time that [defendant] should have had knowledge of it." *Lowrey*, 500 Mich. at 11 (quoting *Serinto v. Borman Food Stores*, 380 Mich. 637, 640–641, 158 N.W.2d 485 (1968)). The burden of establishing a question of fact regarding constructive notice is on plaintiff. Until plaintiff has met this burden, *Lowrey* holds that a defendant need not "present evidence of a routine or reasonable inspection ... to prove a premises owner's lack of constructive notice of a dangerous condition on its property." *Id*. at 10.

In this case, the chair was a display model sitting on the sales floor for the purpose of allowing customers to try it out to decide if they want to purchase the chair. Defendants' employee expressly invited the plaintiff to sit in the chair. The photograph of the chair shows that the wheels are visible such that a casual inspection of the chair would have disclosed that it was missing a wheel.

Defendants rely on two Michigan Court of Appeals cases to support summary judgment in their favor. In *Albitus v. Greektown Casino, LLC*, No. 356188, 2021 WL 5976581 (Mich. Ct. App. Dec. 16, 2021), the Michigan Court of Appeals affirmed summary disposition in favor of defendant casino where a patron alleged premises liability involving a chair that gave way when he sat in it. The trial court concluded plaintiff failed to meet his burden of showing defendant had actual or constructive notice of a defect in the chair, stressing the chair's normal appearance and plaintiff's own testimony that the chair looked and felt normal. The plaintiff argued that defendant had constructive notice of the defect based on surveillance video showing the chair back, when unoccupied, leaned a bit farther back than adjacent chairs. However, the court credited plaintiff's expert who opined that the backrest appeared normal before the incident and only after plaintiff leaned back did the defect become apparent. The court also noted that defendant's safety manager specifically stated that no employees were made aware of any issue with the chair, through prior incidents, customer complaints, or their own inspection practices.

The second case cited by defendants involved a defective chair used at an event hosted at an apartment club house. *Billington v. Laurel Wood*

*Apartment N.*, No. 344661, 2019 WL 4296547, (Mich. Ct. App. Sept. 10, 2019). The court of appeals affirmed the trial court's grant of summary disposition because the plaintiff failed to present any evidence that the defect was readily discoverable. *Id*. at *4.

Relying on *Albitus* and *Billington*, defendants argue that the missing wheel on the chair in this case was not discoverable, and therefore defendants did not have constructive notice of any defect. To support their argument, defendants cite to plaintiff's allegation in the complaint that "[s]aid chair was unknowingly defective to Plaintiff and said defect was not visible," Complaint, ¶ 7. Defendants also rely on the fact that there is no evidence of prior reports or complaints made concerning any defective condition prior to the incident.

However, the evidence in this case distinguishes defendants' chair from the chairs involved in *Albitus* and *Billington*, where the court concluded that the chairs' defects were not observable prior to the incidents. Here, a casual observer viewing the photographs of the chair can readily observe that the chair is missing a wheel. The missing wheel was visible both before and after the incident. That plaintiff did not see the missing wheel prior to sitting down is not determinative where it was

- 10 -

viewable to anyone who looked at the five prongs at the base of the chair.
There is sufficient evidence from which a jury could find that the alleged
defect existed for a sufficient period of time such that defendants should
have known about the condition and failed to correct it. A reasonable jury
could conclude that defendants had constructive notice of the hazardous
defect.

## CONCLUSION

For the reasons stated above, defendants' motion for summary
judgment is DENIED.

Dated:  February 28, 2023

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 28, 2023, by electronic and/or ordinary mail.

s/Michael Lang
Deputy Clerk